UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORMA VOGEL, by next friend, KAREN J. ISBELL, natural daughter and under power of attorney, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHWEST AIRLINES CO. and PROSPECT AIRPORT SERVICES, INC. <br><br> Defendants. | Case No. 1:18-cv-03472-MHC <br><br> JURY DEMANDED |

**DEFENDANT PROSPECT AIRPORT SERVICES, INC.'S
INITIAL DISCLOSURES**

Defendant Prospect Airport Services, Inc. ("Prospect"), by and through counsel, pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby submits its Initial Services.

(1)  If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Prospect is not improperly identified.**

(2)  Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by Plaintiff.  If

CHD-732391

defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**At this time, Prospect does not know the name of any parties who are necessary parties but have not been named.**

(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Plaintiff's complaint fails to state a cause of action upon which relief can be granted against this defendant because there is no indication that Prospect had any involvement in providing wheelchair assistance to Plaintiff in Atlanta or otherwise engaged in any acts that caused Plaintiff's alleged injuries. Additionally, Plaintiff's claimed injuries do not appear to be proximately caused by the alleged incident.**

(4)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are application to this action.

**Common law negligence standard and FAA/DOT regulations**

(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the

subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**See Attachment A.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**See Attachment B.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**See Attachment C.**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials

bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Prospect is not presently seeking damages against Plaintiff.**

(9)   If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**While Prospect does not believe it was the entity that provided wheelchair assistance to Plaintiff in Atlanta, Prospect is not presently aware of any other entities that are, in whole or in part, liable to Plaintiff in this matter.**

(10)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**See Attachment E.**

Respectfully submitted,

**HUSCH BLACKWELL LLP**

s/ K. Chris Collins
David H. Timmins, Esq.
*Pro Hac Vice Application Pending*
K. Chris Collins, Esq.
Georgia Bar No. 637828
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402-2059
423.755.2649
423.266.5499 (fax)
david.timmins@huschblackwell.com
chris.collins@huschblackwell.com

## **ATTACHMENT A**

Prospect identifies all individuals identified in the initial disclosures of the other parties to this case or in any supplement thereto, as well as all individuals identified during discovery. At the present time, Prospect believes that the following individuals may have information relevant to this case:

1. Plaintiff Norma Vogel.

2. Karen Isbell, plaintiff's daughter. On information and belief, Ms. Isbell may have information related to the alleged incident, Plaintiff's alleged injuries, and Plaintiff's medical condition before and after the alleged incident.

3. Plaintiff's grand-daughter. On information and belief, Plaintiff's granddaughter may have information related to the alleged incident, Plaintiff's alleged injuries, and Plaintiff's medical condition before and after the alleged incident.

4. St. Luke's Health System medical personnel. On information and belief, St. Luke's Health System medical personnel have information regarding Plaintiff's condition from January 2, 2017, through January 11, 2017.

5. Dr. Alan J. Zonno, Plaintifff's orthopedic physician. On information and belief, Dr. Zonno has information regarding Plaintiff's condition

prior to and following the alleged incident as well as Plaintiff's treatments following the alleged incident.

6. Steve Dougherty, Southwest's Customer Service Supervisor in Kansas City, Missouri.  On information and belief, Mr. Dougherty has information related to the alleged incident and spoke with Plaintiff after she deboarded in Kansas City.

7. Joanne Cook, Southwest flight attendant.  On information and belief, Ms. Cook has information related to the alleged incident and spoke with Plaintiff when her flight landed in Kansas City.

8. Janie Marshall, Southwest flight attendant.  On information and belief, Ms. Marshall has information related to the alleged incident and spoke with Plaintiff when her flight landed in Kansas City.

9. Christy Collins, Southwest flight attendant.  On information and belief, Ms. Collins has information related to the alleged incident and spoke with Plaintiff when her flight landed in Kansas City.

10. Lakisha Green, Southwest flight attendant.  On information and belief, Ms. Green has information related to the alleged incident and spoke with Plaintiff when her flight landed in Kansas City.

11. Nikita McDonald, Southwest flight attendant. On information and belief, Ms. McDonald has information related to the alleged incident and spoke with Plaintiff when her flight landed in Kansas City.

12. Any other individuals identified in the parties' initial disclosures or supplements thereto.

13. Any other individuals identified during discovery.

## **ATTACHMENT B**

Prospect has not yet determined if it will call an expert witness to testify at trial. In the event that Prospect decides to do so, it will supplement these disclosures and provide any and all expert witness disclosures in accordance with the Scheduling Order.

# **ATTACHMENT C**

1. Plaintiff's medical records; and

2. Prospect's applicable contract for services with Southwest Airlines, Inc.

## **ATTACHMENT D**

Prospect has no documents or records to attach at this time.

## **ATTACHMENT E**

Prospect will produce any relevant insurance policy and supplement its disclosures as needed.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Northern District of Georgia by using the CM/ECF system which will automatically send electronic notification of such filing to the parties' attorneys of record.

s/ K. Chris Collins
Georgia Bar No. 637828
Attorney for Prospect Airport Services, Inc.

Husch Blackwell LLP
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
423.755.2649
chris.collins@huschblackwell.com